Jonathan D. Marks, St. Louis, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF and SHERRI B. SULLIVAN, JJ.

## ORDER

PER CURIAM.

Tejinder P. Brar ("Appellant") appeals from the judgment of the trial court granting N.K.'s ("Victim") request for a full order of protection pursuant to the Adult Abuse Act, Sections 455.005 through 455.090, RSMo Cum.Supp.2008 [1]. Appellant argues that in granting a full order of protection the trial court erred by: (1) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and there was an insufficient connection between the cultural evidence and the incident; (2) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and any probative value was outweighed by the prejudicial effect of intangible allegations of a threat of "honor killings;" (3) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not included in the pleadings and was first introduced at trial. In addition, Appellant argues the trial court erred in granting a full order of protection because such an order was not supported by substantial evidence of abuse or stalking in that the only evidence against Appellant was that he allegedly made one or two comments in the midst of a loud family argument.

We have reviewed the briefs of the parties and the record on appeal and find the claim of error to be without merit. An opinion reciting the detailed facts and re- stating principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

**K.N., Respondent,**

v.

**B.S.B., Appellant.**

**No. ED 95986.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 24, 2012.

Scott Simpson, St. Charles, MO, for Appellant.

Jonathan D. Marks, St. Louis, MO, for Respondent.

Before ROBERT G. DOWD, JR. P.J. and MARY K. HOFF and SHERRI B. SULLIVAN, JJ.

## ORDER

PER CURIAM.

Balwinder Singh Brar ("Appellant") appeals from the judgment of the trial court granting N.K.'s ("Victim") request for a full order of protection pursuant to the Adult Abuse Act, Sections 455.005

---

1. All further statutory references are to RSMo Cum.Supp.2008.

through 455.090, RSMo Cum.Supp.2008 [1]. Appellant argues that in granting a full order of protection the trial court erred by: (1) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and there was an insufficient connection between the cultural evidence and the incident; (2) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and any probative value was outweighed by the prejudicial effect of intangible allegations of a threat of "honor killings;" (3) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not included in the pleadings and was first introduced at trial. In addition, Appellant argues the trial court erred in granting a full order of protection because such an order was not supported by substantial evidence of abuse or stalking in that the evidence against Appellant did not show he assaulted Victim or that Victim had a reasonable fear of harm from Appellant.

We have reviewed the briefs of the parties and the record on appeal and find the claim of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

**K.N., Respondent,**

v.

**S.P.S., Appellant.**

**No. ED 95987.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 24, 2012.

Scott Simpson, St. Charles, MO, for Appellant.

Jonathan D. Marks, St. Louis, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF and SHERRI B. SULLIVAN, JJ.

**ORDER**

PER CURIAM.

Sumeet Pal Singh ("Appellant") appeals from the judgment of the trial court granting N.K.'s ("Victim") request for a full order of protection pursuant to the Adult Abuse Act, Sections 455.005 through 455.090, RSMo Cum.Supp.2008 [1]. Appellant argues that in granting a full order of protection the trial court erred by: (1) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and there was an insufficient connection between the cultural evidence and the incident; (2) improperly admitting cultural evidence of "honor killings" in Punjab, India because such evidence was not logically relevant and any probative value

---

1. All further statutory references are to RSMo Cum.Supp.2008.

1. All further statutory references are to RSMo Cum.Supp.2008.